IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | NO. 1:CR-11-0096 |
| | ) | |
| v. | ) | (Judge Caldwell) |
| | ) | |
| **REBECCA STRAUSBAUGH,** | ) | (Electronically Filed) |
| Defendant. | ) | |

**UNITED STATES RESPONSE IN OPPOSITION
TO DEFENDANT'S PRETRIAL MOTION**

COMES NOW, the United States of America, by and through its attorneys, Peter J. Smith, United States Attorney for the Middle District of Pennsylvania, and Daryl F. Bloom, Assistant United States Attorney, files this brief in opposition to defendant's pretrial motion.

### I. Procedural History

On March 23, 2011 Rebecca Strausbaugh (defendant) and her husband, co-defendant Michael Strausbaugh, were indicted for producing child pornography on December 28, 2010, using materials that had been shipped, mailed or transported in interstate or foreign commerce in violation of 18 U.S.C. § 2251(a) and (e) and 18 U.S.C. §2.  On May 4, 2011, a superseding indictment was filed charging the defendant and her husband with three additional counts.  Counts 4 and 5 of the superseding indictment consist of two additional production of child pornography for images produced on December 3, 2010 and August 21, 2010.  Count 6 of the superseding indictment contains a forfeiture allegation pursuant to 18 U.S.C. §

2253 seeking criminal forfeiture of the defendant's home at 1946 East Berlin Road, New Oxford, Adams County, Pennsylvania and any other property used in the commission of the charged offenses.  This brief is in response to the defendant's pretrial motions.

## II.  Factual Background

The defendant has been charged with three counts of sexual exploitation of a child in violation of U.S.C. § 2251 (a) and (e) for producing child pornography of a minor girl less than one year old with materials that had been mailed, shipped, and transported in interstate commerce. (Count 1, December 28, 2010; Count 4, December 3, 2010; and Count 5, August 21, 2010).

An email that contained an image of the defendant's nude eight month old niece was discovered on the computer of an individual in Toronto, Canada.  The United States Postal Inspection Services was notified of the email and the image it contained.  The user of the email address that sent the offending email was traced back to the defendant's residence at 1946 East Berlin Road, New Oxford, Adams County, Pennsylvania.

A Search Warrant Affidavit to search and seize specified items at 1946 East Berlin Road, New Oxford, Adams County, Pennsylvania was signed by Magistrate Smyser on March 16, 2011 and executed on March 18, 2011.  The search of the

property uncovered evidence of the alleged crimes. Further, both the defendant and her co-defendant gave interviews with law enforcement officials after the execution of the search warrant. As a result, the defendant was arrested on that same date.

### III.  Questions Presented

- A. Whether Count 6 of the Superseding Indictment Should Be Dismissed?

- B. Whether Counts 1, 4, and 5 of the Superseding Indictment Should Be Dismissed?

- C. Whether the Connection Between the Camera Used in the Production of the Child Pornography and the Defendant is Sufficient to Provide Federal Jurisdiction?

- D. Whether the Statutory Fifteen-year Minimum Sentence is Overly Harsh, Unreasonably High, and Greater Than Necessary to Accomplish the Goals of Sentencing?

- E. Whether 18 U.S.C. § 2251(e) is Constitutional Under the Eighth Amendment?

- F. Whether 18 U.S.C. § 2251(a) is Constitutional Under the Commerce Clause?

### IV.  Argument

A. The Forfeiture Allegation in the Superseding Indictment Should Not Be Dismissed

The defendant argues the forfeiture allegation (Count 6) of the superseding

indictment should be denied because the government cannot establish the requisite nexus between the property and the charged offense. This is an issue to be resolved at trial. As such, the issue should be preserved for trial where the government is prepared to present evidence that shows the charged offenses took place at the property that is subject to forfeiture and was used to commit or to promote the commission of the offenses.

### B. Counts 1, 4, and 5 of the Superseding Indictment Should Not Be Dismissed

The defendant argues that Counts 1, 4, and 5 of the superseding indictment should be dismissed because the defendant lacked the requisite mens rea under the statute. This is an issue to be resolved at trial.

Regardless, the defendant's argument fails. In a recent Third Circuit case, the court established that a violation of 18 U.S.C. § 2251(b) occurs if one of three conditions are met.[1]  United States v. Cramer, 213 F. App'x 138, 140 (3d Cir.

---

[1] Sections (a) and (b) share identical language in state in relevant part: "If such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate commerce or foreign commerce or in or affecting interstate commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate commerce or mailed."

2007).  Under the court's reading, a person has violated the statute:

(1) if he knows or has reason to know that such visual depiction will be transported in interstate commerce or mailed; or (2) if the visual transmission was produced using materials that have been mailed, shipped or transported in interstate or foreign commerce; or (3) if such visual depiction has actually been transported in interstate commerce or mailed." Id.

Here, the defendant is charged under 18 U.S.C. § 2251(a) as "any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in... any sexually explicit conduct for the purpose of producing any visual depiction of such conduct . . . ."  The defendant used a minor for the purpose of producing child pornography.  The image was produced using a camera that had been mailed, shipped, or transported in interstate or foreign commerce.  Additionally, the explicit image was actually transported in interstate commerce when it was emailed to Canada.

> **C.** **The Connection Between the Defendant and the Camera Used in the Production of Child Pornography is Sufficient to Establish Federal Jurisdiction**

The defendant attempts to claim that the connection between the camera used by Michael Strausbaugh and herself is too attenuated for her to come within federal jurisdiction under the Commerce Clause.  The defendant claims that Michael Strausbaugh was the sole photographer of the explicit images and that the

defendant had no idea he placed the photograph on his computer to be transmitted to other individuals or that she knew the camera used to take the photographs had traveled in interstate commerce.  These are factual issues that should be addressed at trial.  Further they may be viewed as irrelevant.

As stated above, a violation of 18 U.S.C. § 2251 occurs in three instances.  Here, the camera used to produce to the child pornography had traveled in interstate or foreign commerce and the defendant's knowledge of this is irrelevant.  Further, a violation occurred when the image was transported in interstate commerce when it was sent to Canada.  As such, the defendant's argument must fail.

> **D.     The Fifteen-year Mandatory Minimum Sentence Under 18 U.S.C. § 2251(e) is Not Unduly Harsh, Unreasonably High, or Greater Than Necessary and Must Be Imposed**

The defendant argues that the mandatory minimum sentence under  18 U.S.C. § 2251(e) is unduly harsh, unreasonably high, and greater than necessary.  Further, the defendant argues that a non-guideline sentence is permissible pursuant to factors set forth in 18 U.S.C. § 3553.  However, this is not the case when statutory mandatory minimum sentences are involved.

In <u>United States v. Stringer</u>, the defendant made a similar argument that the court was not bound to impose a ten year mandatory minimum sentence and they

should impose a sentences "sufficient, but not greater than necessary" to serve the purposes set forth in 18 U.S.C. § 3553(a) despite the fact that the offense carried a five year mandatory minimum sentence. 404 F. App'x. 692, 693-94 (3d Cir. 2010). The court rejected this argument and held that the mandatory minimum sentence applied. Id. The court reiterated its position by acknowledging it rejected this argument in a previous case:

> "Grober argues, next, that a district court is not obligated to impose a mandatory minimum sentence that it concludes is greater than necessary to comport with the purposes of sentencing, unless the applicable statutory provision specifically provides that the Sentencing Reform Act does not apply. See 18 U.S.C. §§ 3551(a), 3553(a). We have previously rejected this argument in analogous circumstances. See United States v. Walker, 473 F.3d 71, 85 (3d Cir.2007); United States v. Kellum, 356 F.3d 285, 289 (3d Cir.2004). Accordingly, the District Court properly recognized that it was statutorily bound to impose a sentence of at least five years imprisonment in this case."

Id. (quoting United States v. Grober, 624 F.3d 592 (3d Cir. 2010).

Thus, the defendant's argument that the court is not bound to impose the statutory minimum sentence of fifteen years fails.

### E. Title 18 U.S.C. § 2251(e) is Constitutional Under the Eighth Amendment of the United States Constitution

The defendant wishes to preserve the issue of whether the sentences under this statute are a violation of the Eighth Amendment's cruel and unusual punishment provision. At the outset, this argument is premature in that the

defendant has not been found guilty and no sentencing hearing has occurred.

Regardless, the defendant's argument fails because this is not "the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality[2]." Ewing v. California, 538 U.S. 11, 20 (2003) (quoting Harmelin v. Michigan, 501 U.S. 957, 996-97 (1991)).

The Eighth Amendment of the United States Constitution bars the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII.  In Roper v. Simmons, the Supreme Court stated this amendment "guarantees individuals the right not to be subjected to excessive sanctions." 543 U.S. 551, 560 (2005). "The right flows from the basic precept of justice that punishment for crime should be graduated and proportioned to the offense." Id. (internal quotations omitted). However, both Harmelin and Ewing reaffirm that only in "exceedingly rare" cases will a sentence for a term of years violate the Eighth Amendment's prohibition against cruel and unusual punishment.  Ewing, 538 U.S. at 22.  In Ewing, the Supreme Court noted that noncapital sentences are subject only to a "narrow proportionality principle" which prohibits sentences that are "grossly disproportionate" to the crime.  Id. at 20 (quoting Harmelin v. Michigan, 501 U.S.

---

[2] Absent such an inference, there is no need to conduct any "comparative analysis 'within and between jurisdictions.'" Ewing 538 U.S. at 23 (quoting Harmelin, 501 U.S. at 1004-05)

957, 996-97 (1991) (Kennedy, J., concurring in part and concurring in judgment).

The Supreme Court has stated to reviewing courts that "outside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare." Ewing, 538 U.S. at 21 (citation omitted). Only once in the past 25 years has the Supreme Court sustained an Eighth Amendment challenge to the length of a prison sentence. In that case, Solem v. Helm, a judge sentenced a non-violent repeat offender to life imprisonment without parole for the crime of writing a "no account" check for one hundred dollars. 463 U.S. at 279-82. The Court noted that this crime was very minor and the life sentence was "the most severe punishment that the State could have imposed." Id. at 297. The Court further noted that the crime was "one of the most passive felonies a person could commit." Id. In this case, by contrast, the defendant actively participated in the production of pornographic images of an infant under one year of age.

The defendant's claim is even less compelling than claims presented in other cases where the Supreme Court has rejected Eighth Amendment challenges to prison sentences on proportionality grounds. See, e.g., Rummel v. Estelle, 445 U.S. 263, 265-66, 285 (1980) (upholding life in prison without the possibility of parole under three strikes law where final offense was obtaining $120.75 by false

pretenses and the loss amount of the two prior fraud felonies was $80 and $28.36, respectively).  Additionally, every Circuit court that has considered this question, even after <u>United States v. Booker</u>, 543 U.S. 220 (2005), has refused to expand the proportionality principle, and has determined that a sentence within the statutory maximum-minimum range in the child pornography context does not violate the Eighth Amendment.  <u>See</u>, <u>e.g.</u>, <u>United States v. Gross</u>, 437 F.3d 691 (7th Cir. 2006) (fifteen-year mandatory minimum sentence for distribution of child pornography not grossly disproportional); <u>United States v. MacEwan</u>, 445 F.3d 237 (3d Cir. 2006) (fifteen year mandatory minimum sentence for child pornography offender did not violate the Eighth Amendment); <u>United States v. Weis</u>, 487 F.3d 1148, 1154 (8th Cir. 2007) (a sentence of less than the twenty year maximum under 18 U.S.C. § 2252(a)(2) did not violate the Eighth Amendment).

It is clear that this case should not be dismissed for a violation of the Eighth Amendment because it does not rise to level of "gross disproportionality" when comparing the crimes committed and the potential sentences imposed.  The defendant has been charged with production of child pornography involving her eight month old niece and, as a result, is subject to mandatory minimum sentences that are proportionate to the charged offenses.

**F.     Title 18 U.S.C. § 2251(a) is within the scope of Congress's Commerce Clause**

The defendant wishes to preserve the issue of whether 18 U.S.C. § 2251 is within the scope of Congress's authority under the Commerce Clause. As the defendant correctly states in his brief, current Third Circuit precedent undermines this argument.

In discussion of federalism and Tenth Amendment concerns, the defendant's brief relies on the recent Third Circuit decision in United States v. Bond, 581 F.3d 128 (3d Cir. 2009). In Bond, the court denied standing to the defendant to challenge the constitutionality of the Chemical Weapons Convention Implementation Act of 1988, 22 U.S.C. §6701, and the Act's penal provision, 18 U.S.C. §229.[2] The case was then appealed and the Supreme Court granted *Certiorari* to review the case. Just recently, on June 16, 2011, the Supreme Court reversed and remanded the case to the Third Circuit in order for the case to be decided on the merits of the challenge. Bond v. United States, 131 S. Ct. 2355

The statute is a constitutionally valid exercise of Congress's commerce

---

[2] The challenge to the statue was based upon permitting the prosecution of localized offenses in federal court as opposed to state court in violation of the principles of federalism and interference with the Tenth Amendment. However, the merits of this argument were not reached when the Third Circuit found the defendant did not have standing to bring this challenge. United States v. Bond, 581 F.3d 128 (3d Cir. 2009).

clause. Following the Supreme Court's decision in Gonzales v. Raich, 545 U.S. 1 (2005), every Circuit to consider the issue has confirmed the constitutionality of this provision. See United States v. Densberger, 285 F. Appx 926, 928-29 (3d. Cir. 2008); United States v. Forrest, 429 F.3d 73, 78-79 (4 Cir. 2005); United States v. Chambers, 441 F.3d 438 (6th Cir. 2006); United States v. Blum, 534 F.3d 608, 612 (7th Cir. 2008); United States v. Betcher, 534 F.3d 820, 824 (8th Cir. 2008); United States v. McCalla, 545 F.3d 750, 753-756 (9th Cir. 2008); United States v. Jeronimo-Bautista, 425 F.3d 1266, 1272 (10th Cir. 2005); United States v. Grimmett, 439 F.3d 1263 (10th Cir. 2006); United States v. Maxwell, 446 F.3d 1210 (11th Cir. 2006); and United States v. Sullivan, 451 F.3d 884, 890-92 (D.C. Cir. 2006). Prior to Raich, the First, Second and Fifth circuits had already confirmed the constitutionality of the "produced using materials" prong. See United States v. Morales-de Jesus, 372 F.3d 6, 12-17 (1st Cir. 2004); United States v. Holston, 343 F.3d 83, 90 (2d. Cir. 2003); United States v. Kallestad, 236 F.3d 225, 228-31 (5th Cir. 2000).

Further, this Circuit has held the child pornography statutes to be a constitutional exercise of Congress's Commerce Clause. See United States v. Rodia, 194 F.3d 465, 468 (3d Cir. 1999); United States v. Galo, 229 F.3d 572 (3d Cir. 2001). This Circuit found that Congress could have rationally concluded that

12

intrastate possession of child pornography created a demand that substantially affected interstate commerce. Rodia, 194 F.3d at 468. Accordingly, Congress could regulate intrastate possession of child pornography under the commerce clause. See Galo, 229 F.3d at 572 (finding that same reasoning applies to analysis of 18 U.S.C. § 2251(a) because both statutes contain the same jurisdictional element). It is clear that 18 U.S.C. § 2251 is a valid exercise of Congress's Commerce Clause.

### V. Conclusion

For the foregoing reasons, the defendant's pretrial motion should be denied.

                              Respectfully submitted,

                              PETER J. SMITH
                              United States Attorney

Dated: July 15, 2011         By:   /s/ Daryl F. Bloom
                                         DARYL F. BLOOM
                                         Assistant United States Attorney
                                         daryl.bloom@usdoj.gov
                                         PA73820
                                         228 Walnut Street, Suite 220
                                         P.O. Box 11754
                                         Harrisburg, Pennsylvania 17108-1754
                                         Phone: 717-221-4482
                                         Fax: 717-221-2246

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | NO. 1:CR-11-0096 |
| | ) | |
| **v.** | ) | (Judge Caldwell) |
| | ) | |
| **REBECCA STRAUSBAUGH,** | ) | (Electronically Filed) |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

In accordance with Local Rule 7.2, I hereby certify that on Friday, July 15, 2011, I served the foregoing Response on the defendant by causing a true copy to be sent by electronic means to her counsel of record, addressed as follows:

Addressee:
Terrence J. McGowan, Esquire
tjmcgowan@killiangephart.com


/s/ Chyenna Gowdy
CHYENNA GOWDY
Legal Assistant