# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | CR. NO. 1:11-CR-096 |
| v. | (JUDGE CALDWELL) |
| **REBECCA STRAUSBAUGH,**<br>Defendant. | (Electronically Filed) |

## GOVERNMENT'S MOTION IN LIMINE
## TO PRECLUDE EVIDENCE AND ARGUMENT
## RELATING TO DEFENDANT'S BATTERED SPOUSE DEFENSE

The United States of America, by and through its counsel, the United States Attorney for the Middle District of Pennsylvania, hereby files this Motion in Limine to preclude evidence or argument relating to defendant Rebecca Strausbaugh's battered spouse defense.[1]

---

[1] Deciding the motion in limine before trial will enable the parties to avoid the costs of bringing in witnesses and will enable the parties to focus their energies and organizational skills on the issues to be resolved at trial Additionally, the decision may also promote settlement by closing the gap between the parties' belief in the likely outcome.

## I. INTRODUCTION.

On March 18, 2011, Michael and Rebecca Strausbaugh were charged in a criminal complaint with sexual exploitation of children, in violation of Title 18, United States Code, § 2251(a) and (b) and certain activities relating to material involving the sexual exploitation of minors, in violation of Title 18, United States Code, § 2252 following the execution of a search warrant at the defendants' home where numerous images of child pornography were located along with evidence that both Michael and Rebecca Strausbaugh participated in the production of child pornography involving an infant less than one year old, identified herein as "AH." The defendants appeared before a Magistrate Judge the same day and were ordered detained.  On March 23, 2011, the defendants were indicted and charged with sexual exploitation of children, in violation of Title 18, United States Code, § 2251(a) and (e) and § 2 (Count I).  Michael was also charged with distribution of child pornography, in violation of Title 18, United States Code, § 2252(a)(2) and (b) (Count II) and possession of child pornography, in violation of Title 18, United States Code, § 2252A(a)(5)(B) (Count III).

On May 4, 2011, a superseding indictment was returned by the Grand Jury adding two additional counts and a forfeiture allegation.  Counts IV and V of the

superseding indictment each charge both Rebecca and Michael Strausbaugh with sexual exploitation of children, in violation of Title 18, United States Code, § 2251(a) and (e) and § 2. Both defendants pled not guilty to the indictment and superseding indictment on March 23, 2011 and May 17, 2011, respectively. The matter is currently scheduled for a bench trial on October 24, 2011.[2]

Defendant Rebecca Strausbaugh now contends that her actions were the result of being a battered spouse and through representations made by defendant's counsel, Terrence McGowan, the United States believes that the defendant intends to offer evidence and argument at trial claiming that this provides a legal excuse for her participation in the sexual exploitation of an infant AH.

Assuming for the purposes of this motion that defendant was a battered spouse, this fact alone does not establish a legal excuse for her participation in the sexual exploitation of AH based on either a defense of duress or necessity.[3] This motion precluding either defense should therefore be granted.[4]

---

[2] The defendants waived their right to a jury trial on September 20, 2011.

[3] Battered spouse/woman syndrome is not a recognizable defense. Such defense is more properly characterized as a duress(coercion) or justification (necessity) defense.

[4] For purposes of this motion, the United States has not argued that duress of justification is not a recognized defense to the crime of sexual exploitation of children by this Circuit or the Supreme Court, but rather argues that the evidence

3

## II. THE CLAIM THAT DEFENDANT REBECCA STRAUSBAUGH IS A BATTERED SPOUSE IS NOT PRIMA FACIE EVIDENCE THAT SHE WAS UNDER DURESS TO PARTICIPATE IN THE SEXUAL EXPLOITATION OF INFANT AH.

The duress defense presumes "that, for reasons of social policy, it is better that the defendant, faced with a choice of evils, choose to do the lesser evil (violate the criminal law) in order to avoid the greater evil threatened by the other person." W. LaFave and A. Scott Jr., Handbook on Criminal Law, at §5.3, p. 433 (1972). The defense is strictly limited to meet this rationale. It is difficult to conceive of many crimes that are "more evil" than the sexual exploitation of an infant less than one year old. The duress defense contemplates that the crime is committed voluntarily, but under duress. See Dixon v. United States, 548 U.S. 1, 7 (2006)("[T]he defense of duress does not negate a defendant's criminal state of mind when the applicable offense requires a defendant to have acted knowingly or willfully; instead, it allows the defendant to avoid liability ... because coercive conditions ... negate[] a conclusion of guilt even though the necessary mens rea was present.").

The Third Circuit Model Jury Instructions define the elements of a duress defense as follows:

---

is insufficient to meet a burden of proof of establishing such a defense.

> **First**, that the defendant was under an <u>immediate</u>, unlawful <u>threat of death or serious bodily injury</u> to herself or to others;
>
> **Second**, that defendant had a well-grounded fear that the threat would be carried out if she did not commit the offense;
>
> **Third**, that defendant's criminal action was directly caused by the need to avoid the threatened harm and that defendant had no reasonable, lawful opportunity to avoid the threatened harm without committing the offense; that is, that defendant had no reasonable lawful opportunity both to refuse to do the criminal act and also to avoid the threatened harm; and
>
> **Fourth**, that defendant had not recklessly placed herself in a situation in which she would be forced to engage in criminal conduct.

Third Cir. Model Jury Inst. No. 8.03, emphasis added; <u>United States v. Miller</u>, 59 F.3d 417, 422 (3d Cir. 1995); <u>United States v. One, 107.9 Acre Parcel of Land</u>, 898 F.2d 396, 399 (3d Cir. 1990).

Here, the defendant's proposed duress defense borders on the frivolous where there is absolutely no evidence of anything more than a generalized fear that she may be subjected to Michael Strausbaugh exercising his "power and control over her" through verbal and emotional abuse.  In fact, there is no evidence of any specific threat, though she claims that if he had to hide it from her worse things would happen.  There certainly is no evidence of a threat of death or serious bodily injury and any such claim is belied by her statements to agents and the individual who examined her.

Defendant is also unable to show immediacy of harm as none exists. The sexual exploitation of AH occurred at least four separate times over a period of months. Despite the fact that it occurred over a period of at least three months, not once did the defendant notify anyone, let alone the police or Michael Strausbaugh's probation officer of any alleged threat. This failure to communicate the alleged threats to anyone or avail herself of readily available and legal means of protection from Michael Strausbaugh is fatal to her duress defense.

Defendant is further unable to show that she lacked a reasonable opportunity to avoid the threatened harm. There must be no legal alternative to committing the crime. As the Supreme Court and the Third Circuit have instructed, "if there was a reasonable, legal alternative to violating the law, 'a chance both to refuse to do the criminal act and also to avoid the threatened harm,' the defense [of duress] will fail." United States v. Bailey, 444 U.S. 394, 410 (1980); accord Miller, 59 F.3d at 422. At any point before the sexual exploitation of AH, defendant could have called the police, her parents (who lived just up the road) or Michael's Strausbaugh's probation officer. Indeed, defendant was trained to supervise Michael Strausbaugh as a sexual offender. Clearly she was aware of the steps to take to ensure the safety of children around Michael Strausbaugh. Indeed, this was a specific part of her training.

These facts are insufficient to render Rebecca Strausbaugh not criminally responsible due to duress. There was no imminent threat of death or serious bodily injury to her at the time she participated in the sexual exploitation of AH, she placed herself in that situation and she had several months to escape from or report the alleged harm.[5]

Where, as here, an "affirmative defense consists of several elements and [evidence] concerning one element is insufficient to sustain it even if believed, the trial court . . . need not be burdened with testimony supporting other elements of the defense." Bailey, 444 U.S. at 416; see also Miller, 59 F.3d at 421 n.1 ("A court may rule on pretrial motion to preclude a defendant from presenting a duress defense where the government contends that the evidence in support of that position would be legally insufficient.").

### III. FOR THE SAME REASONS THAT DEFENDANT CANNOT ESTABLISH A DURESS DEFENSE, DEFENDANT CANNOT ESTABLISH A JUSTIFICATION DEFENSE EITHER.

The defendant's justification defense is also legally insufficient on all four grounds: (1) there was no immediate harm, (2) there is no basis to believe any threat would be carried out, (3) defendant had other legal alternatives to violating

---

[5] Any report to the authorities would have led to Michael Strausbaugh's arrest and removal from the home.

the law, and (4) defendant knowingly placed herself in the situation.  As with the defense of duress, if an offer of proof is insufficient, "the trial court should exclude the defense and the evidence offered in support."  United States v. Dorrell, 758 F.2d 427, 430 (9th Cir. 1985); see also United States v. Arellano-Rivera, 244 F.3d 1119, 1125-26 (9th Cir. 2001 ("If the defendant's offer of proof is deficient with regard to any of the four elements, the district judge must grant the motion to preclude evidence of necessity."); United States v. Alston, 526 F.3d 91, 93 and 98 (3d. Cir. 2008) (A district judge may preclude a justification defense by granting a motion in limine).

      To present evidence of a justification or necessity defense, a defendant must make an offer of proof which establishes: (1) that she was under an immediate threat of death or serious bodily injury; (2) that the fear that the threat would be carried out was well grounded; (3) that the criminal action was directly caused by the need to avoid the threatened harm and that there was no other legal alternatives to violating the law; and (4) that the defendant did not recklessly place herself in the situation.  Third Cir. Model Jury Inst. No. 8.04.  While a failure on any one of these elements requires the court to preclude the defense, here, defendant, like with duress, falls short in all four respects and, accordingly, any evidence relating thereto should be precluded.

As discussed above, there is no evidence that defendant faced any specific harm let alone immediate harm.  Defendant therefore fails on the first three elements out of hand.  As to the last element, assuming arguendo, that defendant was indeed facing actual and imminent harm, short of engaging in the sexual exploitation of infant AH, she undeniably had a variety of other legal options available to her.  For example, she could have called the police, Michael's Strausbaugh's probation officer or AH's parents whom lived within minutes of her home.  Additionally, she could have simply not invited AH to the house or told AH's parents not to allow AH to come to the house.[6]  Further, defendant could have taken AH and left the home prior to any sexual exploitation occurring.  Even if she could somehow argue otherwise, certainly she could have taken action to avoid it from happening three additional times after the first incident.

## IV.   CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court grant the government's motion to preclude any evidence or comments regarding a duress or justification defense.

---

[6] The abuse occurred while AH was between five and eights months old and as such, AH needed to be brought to the Strausbaugh home.

9

                                          Respectfully submitted,

                                          PETER J. SMITH
                                          United States Attorney

Dated:  October 13, 2011        BY:    s/DARYL F. BLOOM
                                          DARYL F. BLOOM
                                          Assistant United States Attorney
                                          **Daryl.Bloom@usdoj.gov**
                                          PA73820

                                          228 Walnut Street, Suite 220
                                          Harrisburg, Pennsylvania  17108
                                          Phone: 717-221-4482
                                          Fax:  717-221-4582

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | CR. NO. 1:11CR-096 |
| v. | (JUDGE CALDWELL |
| **REBECCA STRAUSBAUGH,** Defendant. | (Electronically Filed) |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers. That on this Saturday, October 15, 2011, he served a copy of the attached

by electronic means sent to the Defendant's attorney at the following address:

Addressee:
Terrence J. McGowan
tjmcgowan@killiangephart.com


Dated:  October 15, 2011

s/Daryl F. Bloom
DARYL F. BLOOM
Assistant United States Attorney