IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| vs. : | |
| : | CRIMINAL NO. 1:CR-11-0096-02 |
| REBECCA STRAUSBAUGH, : | |
| Defendant : | (Judge Caldwell) |
| : | |
| : | |
| : | |

*M E M O R A N D U M*

I.  *Introduction*

Defendant, Rebecca Strausbaugh, has filed a pro se motion under 28 U.S.C. § 2255 to vacate her conviction and sentence. After a non-jury trial, Defendant was found guilty on three counts of the sexual exploitation of a child in violation of 18 U.S.C. § 2251(a) and (e). She was sentenced to fifteen years' imprisonment. Her conviction was upheld on appeal. *United States v. Strausbaugh*, 534 F. App'x 175 (3d Cir. 2013)(nonprecedential).

The 2255 motion presents two claims for relief. First, trial counsel was ineffective in not requesting a jury trial. Second, trial counsel was ineffective in not contacting Dr. Marilyn Hutchinson, who could have testified about Defendant's being a battered woman and whose expertise "could have been of . . . benefit to [Defendant's] testimony in court." (Doc. 190, p. 6).

Under Rule 4(b) of the Rules Governing Section 2255 Proceedings, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings, that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." We have concluded that the motion plainly lacks merit and will summarily dismiss it without requiring an answer from the government.

II.  *Discussion*

    A.  *Defendant's Jury-Trial Claim Lacks Merit As She Personally Waived Her Right to a Jury Trial in a Valid Colloquy*

Defendant's first claim is that her trial counsel was ineffective when he failed to request a jury trial. Defendant admits she declined a jury trial but asserts she only did so because her counsel stated she should not go to trial. Defendant contends that in these circumstances her counsel made the choice, when the decision should have been hers.

Defendant correctly asserts the decision on a jury trial was hers to make, but the record shows that she, and not her counsel, made the choice not to have a jury trial. Before the October 2011 bench trial, Defendant appeared for a colloquy on September 20, 2011, concerning her waiver of a jury trial. In response to questions from the court, Defendant said she understood the following: (1) that she was entitled to a jury trial; (2) that the jury would consist of twelve people; (3) that all of the jurors would have to agree on any verdict before she could be convicted or acquitted; (4) that she had the right to participate in the selection of the jury; and (5) that if the court approved her waiver

of a jury trial, the court would try the case and determine her innocence or guilt. (Doc. 176, transcript of hearing on motion for nonjury trial, ECF pp. 8-9). In response to additional questions, Defendant stated that she had discussed with her attorney the advantages and disadvantages of a jury trial and that she did not think it was necessary to discuss the issue any further with him. (*Id.*). In response to a direct question from the court, Defendant then stated that she wanted to waive a jury trial and be tried by the court. (*Id.*, ECF pp. 10-11).

We therefore reject Defendant's claim that her lawyer improperly waived her right to a jury trial as the record shows that it was Defendant's choice. Further, the waiver complied with the guidance the Third Circuit offered in *United States v. Lilly*, 536 F.3d 190, 198 (3d Cir. 2008), for conducting a jury-trial-waiver colloquy.

We add that Defendant also signed two written waivers as well, one on the day of her oral waiver, (Doc. 99), and one on August 19, 2011. In the latter waiver, Defendant stated she had been advised of the nature of the potential charges, her right to a jury trial by twelve jurors, to participate in the selection of the jury, to challenge potential jurors for cause, to exercise as many as ten peremptory challenges, and to require the government to prove its case beyond a reasonable doubt to the satisfaction of all twelve jurors. (Doc. 83).

> B. *Trial Counsel Was Not Ineffective in Not Contacting Dr. Marilyn Hutchinson to Testify About Defendant's Being a Battered Woman*

Defendant's second claim is that trial counsel was ineffective in not contacting Dr. Marilyn Hutchinson, who could have testified about Defendant's being a battered woman and whose expertise "could have been of . . . benefit to [Defendant's] testimony in court." (Doc. 190, p. 6).

This claim lacks merit. To begin with, the claim is too vague. Defendant does not tell us how the testimony of this licensed psychologist would have benefitted her.[1] This is especially so when trial counsel *did* retain the services of an expert, Stanley E. Schneider, Ed.D. Dr. Schneider submitted a detailed report for the court's consideration at trial that Defendant could not be criminally liable because she suffered from battered wife syndrome. (Doc. 152, ECF pp. 89-90). At closing, trial counsel argued that battered wife syndrome excused Defendant from culpability. (Doc. 152, ECF pp. 224-26). In these circumstances, we cannot conclude that counsel was ineffective. *See Glenn v. Wynder*, 743 F.3d 402, 409 (3d Cir. 2014)(an ineffective-assistance-of-counsel claim requires the defendant to show that counsel's performance was deficient and that the deficient performance prejudiced her).

---

[1] In an order dated March 7, 2014, we requested that Defendant provide more detail on this claim, but she did not do so.

III. *Conclusion*

We will issue an order denying the 2255 motion. The order will also deny a certificate of appealability, based on the analysis in this memorandum. However, Defendant is advised that she has the right for sixty (60) days to appeal our order denying her 2255 motion, *see* 28 U.S.C. § 2253(a), and that our denial of a certificate of appealability does not prevent her from doing so, as long as she also seeks a certificate of appealability from the court of appeals. *See* Federal Rule of Appellate Procedure 22.

/s/William W. Caldwell  
William W. Caldwell  
United States District Judge

Date: March 31, 2014