## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Docket No. 1:11-CR-096-02 |
| | : | |
| v. | : | (Judge Mariani) |
| | : | |
| **REBECCA STRAUSBAUGH,** | : | (electronically filed) |
| Defendant. | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## GOVERNMENT'S BRIEF IN OPPOSITION TO
## MOTION FOR REDUCTION OF SENTENCE
## PURSUANT TO 18 U.S.C. § 3742(e)

### Statement of the Case

On October 26, 2011, a jury found Rebecca Strausbaugh guilty of three counts of sexual exploitation of children.   Rec. Doc. No. 132. Strausbaugh and her husband were producing child pornography with an infant between the ages of five and eight months.  On May 15, 2012, the district court sentenced Strausbaugh to a term of 180 months' imprisonment on each count to be served concurrently.  Rec. Doc. No. 159.

Strausbaugh appealed her conviction.  Rec. Doc. No. 160.  The Third Circuit Court of Appeals affirmed the conviction on August 9, 2013.  Rec. Doc. No. 188.   Thereafter, Strausbaugh filed a petition to

vacate and set aside his conviction pursuant to 28 U.S.C. § 2255, the same being denied.  Rec. Doc. Nos. 190, 196 and 197.

Strausbaugh then filed a motion to reduce her sentence pursuant to the crack cocaine amendment under Title 18, United States Code, Section 3582.  Rec. Doc. No. 209.  The crack cocaine motion was denied on September 29, 2015.  Rec. Doc. No. 215.  Strausbaugh then appealed the denial of her motion.  Rec. Doc. No. 219.  The Third Circuit affirmed the decision of the District Court on April 1, 2016.  Rec. Doc. No. 236.

Strausbaugh filed a second petition to vacate and set aside his conviction pursuant to 28 U.S.C. § 2255 on October 21, 2016.  Rec. Doc. No. 256.  The motion to vacate was denied for lack of jurisdiction.  Rec. Doc. No. 260.

Thereafter on March 27, 2020, Strausbaugh filed a "MOTION FOR RECONSIDERATION 18 U.S.C. 3742 (e) POST-SENTENCING REHABILITATION PROGRAMMING."  Rec. Doc. No. 293. In her motion, Strausbaugh requests that her sentence be reduced based on post sentence rehabilitation.  *Id.*

<u>Discussion</u>

## I.   STRAUSBAUGH IS NOT ELIGIBLE FOR A REDUCTION OF SENTENCE UNDER 18 USC § 3742(e).

Strausbaugh requests the court to reduce her sentence pursuant to Title 18, United States Code, Section 3742(e), claiming post sentence rehabilitation.  Strausbaugh's motion is baseless, without merit and contrary to law.

Section 3742 in general and 3742 specifically does not permit a defendant to seek reconsideration of a final judgement, which is not on appeal.  Section 3742 provides the ground for which a defendant may appeal a final sentence of the district court.  18 U.S.C. § 3742.  Section 3742(e) provides a list of grounds to be considered by the court of appeals upon review.

Although Strausbaugh cites *Pepper v. United States*, 562 U.S. 476 (2011) in support of her position, her reliance on the holding in *Pepper* is misplaced.  Pepper held that when a defendant's sentence has been set aside on appeal, a district court may consider evidence of the defendant's post-sentencing rehabilitation at the resentencing proceeding.  Id. at 490.

Here, Strausbaugh's conviction was affirmed and is final.  Her case is neither on appeal nor subject to resentencing.  The Third Circuit Court of Appeals affirmed Strausbaugh's conviction and sentence on direct review on August 9, 2013, over six years ago.  Rec. Doc. No. 188. While Strausbaugh filed a motion to reduce her sentence pursuant to the crack cocaine amendment, the Third Circuit Court of Appeals affirmed the appeal of the denial of her motion on April 1, 2016, almost four years ago.  Rec. Doc. No. 236.

Strausbaugh's conviction and sentence are final and her motion should be denied.

## II.   STRAUSBAUGH IS NOT ELIGIBLE FOR A REDUCTION OF SENTENCE UNDER 18 USC § 3582(c).

Even if Strausbaugh's motion is construed as a motion under Title 18, United States Code, Section 3582(c), such a motion can only be granted under specific circumstances, none of which exists here.

Section 3582(c) provides that the court may not modify a term of imprisonment once it has been imposed except (1) extraordinary and compelling reasons warrant a reduction or (2) the defendant is at least

70 years of age, has served at least 30 years in prison and is determined not to be a danger.  Strausbaugh meets neither requirement.

Strausbaugh does not present extraordinary and compelling reasons, is not at least age 70 and has not served at least 30 years in prison.  Section 3582(c)(1)(A)(i) permits "compassionate release" of prisoners based on "extraordinary and compelling reasons" consistent with any applicable policy statement of the Sentencing Commission. The statute does not define what constitutes "extraordinary and compelling reasons." Instead, "28 U.S.C. § 994 authorizes the United States Sentencing Commission to define 'extraordinary and compelling reasons.' "[2] *United States v. Handerhan*, No. 1:10-CR-00298, 2019 WL 1437903, at *1 (M.D. Pa. Apr. 1, 2019). The Sentencing Commission has defined "extraordinary and compelling reasons" in Application Note 1 to United States Sentencing Guidelines Section 1B1.13. These reasons include:

> (A) Medical Condition of the Defendant.
> > (i) The defendant is suffering from a terminal illness....
> > (ii) The defendant is-
> > > (I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or
cognitive impairment, or

(III) experiencing deteriorating physical or
mental health because of the aging process, that
substantially diminishes the ability of the
defendant to provide self-care within the
environment of a correctional facility and from
which he or she is not expected to recover.

(B) Age of the Defendant.- The defendant (i) is at least 65
years old; (ii) is experiencing a serious deterioration in
physical or mental health because of the aging process; and
(iii) has served at least 10 years or 75 percent of his or her
term of imprisonment, whichever is less.

(C) Family Circumstances.-

(i) The death or incapacitation of the caregiver of the
defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or
registered partner when the defendant would be the
only available caregiver for the spouse or registered
partner.

(D) Other Reasons.- As determined by the Director of the
Bureau of Prisons, there exists in the defendant's case an
extraordinary and compelling reason other than, or in
combination with, the reasons described in subdivisions (A)
through (C).

U.S.S.G. § 1B1.13, app. 1.  Strausbaugh fails to cite to any of these

circumstances to warrant a reduction in her sentence because

none exist.  As such, even if interpreted liberally as a motion for

compassionate release, the motion should be denied, as Strausbaugh does not meet the criteria.

### III.   EVEN IF STRAUSBAUH WERE ELIGIBLE FOR A REDUCTION, THE FULL TERM OF STRAUSBAUGH'S 180 MONTH SENTENCE (LESS GOOD TIME) IS APPROPRIATE GIVEN THE NATURE AND CIRCUMNSTANCES OF THE OFFENSE.

Even if the Court should somehow find that Strausbaugh meets the criteria for release (which is clearly in dispute), the Court must also consider the nature and circumstances of the offense and the history and characteristics of the defendant.  18 U.S.C. § 3582(c)(1)(A).  The § 3553(a) factors contained in § 3582(c) itself are also contained in Program Statement 5050.50(7), which states "For all RIS requests, the following factors should be considered: nature and circumstances of the inmate's offense…criminal history…"  The program statement list goes on to list several additional factors, some of which would weigh in Strausbaugh' favor, such as her lack of recent disciplinary infractions and institutional adjustment.  However, the list of factors is neither "exclusive nor weighted."  PS5050.50(7).

However, the nature and circumstances of the offense call for Strausbaugh to serve the entire term to which she was sentenced, less

the good time credit that she has earned.  Strausbaugh's post sentence

classes and training does not mitigate the seriousness of the underlying

offense.  The facts of this case indicate that Strausbaugh, along with

her husband, produced images depicting the sexual abuse of an infant

between the ages of five and eight months.  Her husband Michael

Strausbaugh then distributed the images internationally.  The sexual

abuse and exploitation of children is a very serious offense by its

nature.  The individual who was sentenced by the district court to 180

months' imprisonment was someone who earned that sentence.

Conclusion

For the foregoing reasons, the government respectfully requests

that the Court deny Strausbaugh's Motion for Reduction of Sentence

Pursuant to 18 U.S.C. § 3742(e).

Respectfully submitted,

DAVID J. FREED
United States Attorney

Dated:  March 30, 2020

s/ Daryl F. Bloom
DARYL F. BLOOM
Assistant United States Attorney
Daryl.Bloom@USDOJ.gov
PA 73820

228 Walnut Street, Suite 220
P.O. Box 11754
Harrisburg, Pennsylvania 17108
(717) 221-4482
(717) 221-2246, *facsimile*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Docket No. 1:11-CR-096-02 |
| | : | |
| v. | : | (Judge Mariani) |
| | : | |
| **REBECCA STRAUSBAUGH,** | : | (electronically filed) |
| Defendant. | : | |

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.  That on this Monday, March 30, 2020, he served a true and correct copy of the foregoing

## GOVERNMENT'S BRIEF IN OPPOSITION TO MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3742(e)

by electronic means by sending a copy to each of the e-mail addresses stated below:

<u>Addressees</u>:
Rebecca Strausbaugh
Inmate Number 69877-067
Secure Female Facility – Hazelton
P.O. Box 3000
Bruceton Mills, West Virginia 26525


March 30, 2020                                          <u>s/ Daryl F. Bloom</u>
                                                                  Daryl F. Bloom
                                                                  Assistant United States Attorney